1

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

| **Chris Langer**, | **Case No**. |
|---|---|
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Uncle Phil LLC,** a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

19

20

21

22

        Plaintiff Chris Langer complains of Defendants Uncle Phil LLC, a California Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

23

24

25

26

27

28

**PARTIES:**

  1.   Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

1

Complaint

2.   Defendant Uncle Phil LLC owned the property located at or about 1227 E. Olympic Blvd., Los Angeles, California, in March 2015.

3.   Defendant Uncle Phil LLC owns the property located at or about 1227 E. Olympic Blvd., Los Angeles, California, currently.

4.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

2

Complaint

**FACTUAL ALLEGATIONS:**

8.  The Plaintiff went to the property to shop at the Los Perez Cash & Carry Store ("Store") in March 2015 to shop.

9.  The Store is a facility open to the public, a place of public accommodation, and a business establishment.

10. Parking spaces are one of the facilities, privileges and advantages specifically reserved by defendants to their customers at the Store.

11. Unfortunately, although parking spaces are one of the facilities available to patrons of the parking lot, there was not a single compliant accessible handicap parking space available for persons with disabilities in March 2015.

12. Plaintiff, on information and belief, alleges that there used to be an accessible parking space designed and reserved for persons with disabilities on the property prior to March 2015.

13. The parking space that used to be available for persons with disabilities has been allowed to fade or has been paved over.

14. Defendants had no policy or procedure in place to make sure that the accessible parking spaces remain useable in the parking lot in March 2015.

15. The plaintiff personally encountered this problem. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

16. Plaintiff would like to return and patronize the Store, and has wanted to return since March 2015, but will be deterred from visiting until the defendants cure the violation.

17. In addition to the inaccessible parking lot, the transaction counter inside the Store is not accessible to wheelchair users. Even though plaintiff did not personally confront the barrier, the transaction counter is 50 inches in height. There is no lowered, 36 inch portion of counter for use by persons in

3

Complaint

1   wheelchairs.

2       18. Although there are shelves and merchandise aisles open to customers

3   for shopping, the path of travel in and throughout these merchandise aisles is

4   not accessible to wheelchair users because of the configuration of the store

5   and also because the defendants have a practice of placing merchandise and

6   merchandise display on the route of travel restricting passage to far less than

7   36 inches in width.

8       19. In March 2015, some of the aisles, in fact, narrowed to as little as 24

9   inches in width.

10      20. Plaintiff visits Los Angeles County on a regular and ongoing basis

11  because he attends auctions, car shows, eats, and shops in the county.

12      21. Because of the location of the Store, plaintiff would like to return in the

13  future.

14      22. The defendants have failed to maintain in working and useable

15  conditions those features required to provide ready access to persons with

16  disabilities.

17      23. Given the obvious and blatant violation, the plaintiff alleges, on

18  information and belief, that there are other violations and barriers on the site

19  that relate to his disability. Plaintiff will amend the complaint, to provide

20  proper notice regarding the scope of this lawsuit, once he conducts a site

21  inspection. However, please be on notice that the plaintiff seeks to have all

22  barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034

23  (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site,

24  he can sue to have all barriers that relate to his disability removed regardless

25  of whether he personally encountered them).

26      24. Additionally, on information and belief, the plaintiff alleges that the

27  failure to remove these barriers was intentional because: (1) these particular

28  barriers are intuitive and obvious; (2) the defendants exercised control and

Complaint

1    dominion over the conditions at this location and, therefore, the lack of

2    accessible facilities was not an "accident" because had the defendants

3    intended any other configuration, they had the means and ability to make the

4    change.

5

6    **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

7    **WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all

8    defendants (42 U.S.C. section 12101, et seq.)

9        25. Plaintiff repleads and incorporates by reference, as if fully set forth

10   again herein, the allegations contained in all prior paragraphs of this

11   complaint.

12       26. Under the ADA, it is an act of discrimination to fail to ensure that the

13   privileges, advantages, accommodations, facilities, goods and services of any

14   place of public accommodation is offered on a full and equal basis by anyone

15   who owns, leases, or operates a place of public accommodation. See 42

16   U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

17               a.  A failure to make reasonable modifications in policies, practices,

18                   or procedures, when such modifications are necessary to afford

19                   goods, services, facilities, privileges, advantages, or

20                   accommodations to individuals with disabilities, unless the

21                   accommodation would work a fundamental alteration of those

22                   services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

23               b.  A failure to remove architectural barriers where such removal is

24                   readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

25                   defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

26                   Appendix "D."

27               c.  A failure to make alterations in such a manner that, to the

28                   maximum extent feasible, the altered portions of the facility are

Complaint

1         readily accessible to and usable by individuals with disabilities,

2         including individuals who use wheelchairs or to ensure that, to

3         the maximum extent feasible, the path of travel to the altered

4         area and the bathrooms, telephones, and drinking fountains

5         serving the altered area, are readily accessible to and usable by

6         individuals with disabilities. 42 U.S.C. § 12183(a)(2).

7   27. Any business that provides parking spaces must provide accessible

8 parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in

9 every eight of those accessible parking spaces but not less than one must be a

10 "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991

11 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six

12 accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

13   28. Here, the lack of an accessible parking space is a violation of the law.

14   29. In areas used for transactions where counters have cash registers and

15 are provided for sales or distribution of goods or services to the public, at least

16 one of each type shall have a portion of the counter which is at least 36 inches

17 in length with a maximum height of 36 inches above the floor. 1991

18 Standards § 7.2(1). Under the 2010 Standards, where the approach to the

19 sales or service counter is a parallel approach, such as in this case, there must

20 be a portion of the sales counter that is no higher than 36 inches above the

21 floor and 36 inches in width and must extend the same depth as the rest of

22 the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

23   30. Here, no such accessible transaction counter has been provided in

24 violation of the ADA.

25   31. Shelves and display units allowing self-service by customers at stores

26 must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An

27 accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

28   32. Here, the failure to provide accessible paths of travel in and throughout

Complaint

1   the merchandise aisles is a violation of the law.

2      33. A public accommodation must maintain in operable working condition

3   those features of its facilities and equipment that are required to be readily

4   accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

5      34. Here, the failure to ensure that the accessible facilities were available

6   and ready to be used by the plaintiff is a violation of the law.

7      35. Given its location and options, the Store is a business that the plaintiff

8   will continue to desire to patronize but he has been and will continue to be

9   discriminated against due to the lack of accessible facilities and, therefore,

10  seeks injunctive relief to remove the barriers.

11

12  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

13  **RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ §

14  51-53)

15     36. Plaintiff repleads and incorporates by reference, as if fully set forth

16  again herein, the allegations contained in all prior paragraphs of this

17  complaint.

18     37. Because the defendants violated the plaintiffs' rights under the ADA,

19  they also violated the Unruh Civil Rights Act and are liable for damages. (Civ.

20  Code § 51(f), 52(a).)

21     38. Because the violation of the Unruh Civil Rights Act resulted in

22  difficulty, discomfort or embarrassment for the plaintiffs, the defendants are

23  also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §

24  55.56(a)-(c).)

25

26

27

28

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: November 11, 2015          CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

8

Complaint